TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559
    Facsimile: (213) 894-3713
    E-mail:   kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 16-166-ODW |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| DIANA NGUYEN, | Sentencing Date and Time: February 28, 2022 9:00 a.m. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its sentencing position paper.

    This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.

Dated: February 25, 2022              Respectfully submitted,

                                            TRACY L. WILKISON
                                            United States Attorney

                                            SCOTT M. GARRINGER
                                            Assistant United States Attorney
                                            Chief, Criminal Division

                                            */s/ Karen I. Meyer*
                                            KAREN I. MEYER
                                            Assistant United States Attorney

                                            Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   BACKGROUND

    A.   Facts and Offense Conduct

Beginning on or about January 24, 2011, and continuing until June 29, 2011, defendant conspired with co-defendant Du Truong Nguyen ("co-defendant") to provide, for a fee, a cashier's check in exchange for $25,000 cash defendant believed to be the proceeds of corruption and drug trafficking.  Prior to the day of the deal, defendant and co-defendant met several times with the informant to discuss how the deal would take place.  Defendant, however, did not go to the bank with the co-defendant to conduct the actual transaction.  After the deal, defendant and co-defendant met with the informant again to discuss a future money laundering transaction.

    B.   USPO Guideline Calculation

The United States Probation Office ("USPO") prepared a Pre-Sentence Report and Recommendation ("PSR") calculating a criminal history category of I[1] and adjusted total offense level of 15.  (PSR ¶¶ 41, 50.)  The USPO calculated the adjusted total offense level based on a base offense level of 8, U.S.S.G. § 2S1.1(a)(2), plus the number of offense levels from the table in U.S.S.G. § 2B1.1 corresponding to the value of the laundered funds, which was in this

---

[1] The government disagrees with defendant's characterization of her criminal history as exclusively petty misdemeanor shoplifting offenses.  For example, in one instance a more serious felony burglary charge appears to have been dismissed in favor of a second degree burglary misdemeanor charge.  (PSR ¶¶ 47, 53.)  Further, not all of her law enforcement contacts can be attributable to the stress of her divorce in 2006.  This disagreement, however, does not alter the government's sentencing recommendation of time served.

case plus four levels for an amount of at least $15,000 but no more than $40,000, U.S.S.G. § 2B1.1(b)(1)(C), plus another six levels because defendant believed that the funds to be laundered were drug proceeds, U.S.S.G. § 2S1.1(b)(1)(B)(i), plus two levels for a conviction under 18 U.S.C. § 1956, U.S.S.G. § 2S1.1(b)(2)(B), minus two levels for minor role, U.S.S.G. § 3B1.2, and minus three points for acceptance of responsibility, U.S.S.G. § 3E1.1(b).  (PSR ¶¶ 29-41.)  The adjusted total offense level and criminal history category calculated by the USPO resulted in a sentencing range of 18 to 24 months.  (PSR, Guideline Summary.)

In the plea agreement, the government provided for an additional minus two levels for a Booker variance (CR 59, ¶ 13), based on the fact that defendant was brought into the scheme by her co-defendant, her boyfriend at the time.  The resulting total adjusted offense level is 13, with a corresponding guideline range of 12 to 18 months.

II.   TRIAL TESTIMONY AND THE GOVERNMENT'S 5K1.1 RECOMMENDATION

Defendant testified at her co-defendant's trial.  The government recommends a departure pursuant to U.S.S.G. § 5K1.1 of five levels corresponding to the extent of her cooperation, with a corresponding guideline range in Zone A of zero to six months custody.

III. GOVERNMENT SENTENCING RECOMMENDATION

Pursuant to Title 18, United States Code, Section 3553(a), and to avoid unwarranted sentencing disparities among defendants in related cases, the government agrees with the defendant and asks this Court to sentence defendant to a custodial term of time-served.  Based on defendant's prior law enforcement contacts, the government recommends a two-year period of supervised release.

## IV. CONCLUSION

The government recommends a custodial sentence of time-served followed by a two-year period of supervised release, and a $100 special assessment.